859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Kenneth CARLSON, Plaintiff-Appellant,
v.
Lt. Ronald Edwards ZIELINSKI, Detective Robert Blank and O.
Paul Schendel, Defendants-Appellees.
 No. 87-1984.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this civil rights action pursuant to 42 U.S.C. Sec. 1983 for damages and other relief claiming the defendants committed several constitutional torts during and after a search of plaintiff's residence on July 25, 1984. The district court, granted defendants' motion for summary judgment in part, dismissed part of the action without prejudice and declined to exercise jurisdiction over pendent state law claims. This appeal followed the denial of plaintiff's motion to reconsider the judgment. On appeal the parties have briefed the issues, plaintiff proceeding pro se.
 
 
 3
 Upon consideration, we must affirm in part and vacate and remand in part. The district court correctly found plaintiff's claims for the return of personal property foreclosed by the holding of Parratt v. Taylor, 451 U.S. 527 (1981). The court's rejection of plaintiff's claim to redress an excessive show of force likewise finds support in law. The officers did not engage in conduct that resulted in actual injury or that so "shocked the conscience" as to implicate the fourteenth amendment. Franklin v. Aycock, 795 F.2d 1253, 1258-59 (6th Cir.1986). We also find the district court's decision not to exercise pendent jurisdiction over any state law claims was correct.
 
 
 4
 The district court found that a portion of plaintiff's case could be construed as an attack on the legality of the July 25, 1984, search and subsequent arrest and that plaintiff had not yet exhausted his direct criminal appellate remedies on this claim. The district court dismissed this claim without prejudice. The district court's dismissal of this claim without prejudice to refile must be vacated, however, in light of our recent decision in Feaster v. Miksch, 846 F.2d 21 (1988). In Feaster, a panel of the court held that a district court should stay an action for damages which necessarily requires the resolution of issues that will determine the outcome of pending state criminal proceedings. 846 F.2d at 24. The instant case, like Feaster, involves a fourth amendment claim not ordinarily cognizable in federal habeas corpus. Stone v. Powell, 428 U.S. 465 (1976). Although the exact posture of plaintiff's state criminal proceedings is unclear, it is apparent that he has yet to exhaust the direct criminal appeal process. The district court's dismissal without prejudice must therefore be vacated and a stay entered pending the final outcome of the state criminal proceedings.
 
 
 5
 Accordingly, the portion of the district court's judgment dismissing a claim without prejudice to refile pending exhaustion of state law criminal processes is vacated and the cause is remanded with instructions to stay the action instead. The remainder of the judgment is affirmed. Rule 9(b)(5) and (6), Rules of the Sixth Circuit.